UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETCHAN R. YOUNG, individually and as Successor in Interest to the ESTATE OF JOHNNY FITZGERALD YOUNG,<br><br>                              Plaintiff,<br><br>         v.<br><br>ROBERT J. HERNANDEZ, *et al*.,<br><br>                              Defendants. | Civil No.   05-CV-2375 W (CAB)<br><br>**ORDER REGARDING MOTION TO QUASH SUBPOENAS SERVED ON CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION [Doc. # 32]** |

## I. INTRODUCTION

This is a wrongful death and survival action that was brought by the mother of a deceased state prisoner. Defendants are eight correctional officers and the Warden of the Richard J. Donovan Correctional Facility, where Plaintiff's son was incarcerated at the time of his death. Plaintiff served subpoenas for production of the entire personnel files of each Defendant on the California Department of Corrections and Rehabilitation ("the CDCR"). The CDCR moved to quash the subpoenas ("the motion"). Plaintiff opposed the motion. The CDCR filed a reply. For the reasons below, the motion is granted in part and denied in part.

## II. FACTS

The First Amended Complaint ("FAC") alleges the following. Plaintiff Gretchan R. Young ("Plaintiff") is the mother of deceased John Fitzgerald Young ("Mr. Young" or "the decedent"). (FAC, ¶ 10). On or about December 30, 2004, the decedent was in the yard of the correctional facility. (*Id.,*

¶15).  He started acting in an unusual manner.  *Id.*  Defendant correctional officers applied choke holds and head locks to Mr. Young, and kneeled on his neck and back.  (*Id.,* ¶ 16).  Mr. Young died.  *Id.*

Plaintiff filed the present action alleging excessive force in violation of the Eighth and Fourteenth Amendments, and negligence.

### III.  DISCUSSION

The CDCR moved to quash the subpoenas arguing that the personnel files are protected by: (1) the "official information" privilege; (2) the Federal Freedom of Information Act; (3) the right to privacy under the California Constitution; and (4) California state law.  In the alternative, CDCR seeks to have the documents reviewed *in camera*, and the scope of the subpoenas limited.  In her opposition, Plaintiff withdrew the request for the file of Warden Hernandez.  The subpoena for the file of Warden Hernandez is therefore not reviewed in this Order.

**A.    The Official Information Privilege.**

Although the official information privilege does apply to Defendants' personnel files, the privilege does not warrant withholding the files in their entirety.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  In actions brought under section 1983, courts have repeatedly held that police personnel files and documents are relevant and discoverable.  *See Voth v. Albright*, WL 3001362, 6-8 (E.D. Cal. 2006); *Green v. Baca*, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005).  Questions of evidentiary privilege that arise in the course of adjudicating federal rights are governed by principles of federal common law.  *See United States v. Zolin,* 491 U.S. 554 (1989) (citing Rule 501 of the Federal Rules of Evidence).  Federal common law recognizes a qualified privilege for official information.  *Kerr v. United States Dist. Ct. for N.D. Cal.,* 511 F.2d 192, 198 (9th Cir. 1975), *aff'd,* 426 U.S. 394 (1976).  Government personnel files are considered official information.  *See, e.g., Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990), *cert. denied,* 502 U.S. 957 (1991); *see also Zaustinsky v. University of Cal.,* 96 F.R.D. 622, 625 (N.D. Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir. 1985).

The discoverability of official documents is determined under the "balancing approach that is

moderately pre-weighted[1] in favor of disclosure." *Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." *Id.* at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. *Id.* The affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

*Id.* at 670; *see also Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (applying the *Kelly* procedure). If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents. If a defendant meets the threshold requirements, the court will order an *in camera* review of the material and balance each party's interests. *Kelly,* 114 F.R.D. at 661. The factors used for balancing are:

> (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.
> (2) The impact upon persons who have given information of having their identities disclosed.
> (3) The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.
> (4) Whether the information sought is factual data or evaluative summary.
> (5) Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question.
> (6) Whether the police investigation has been completed.
> (7) Whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation.
> (8) Whether the plaintiff's suit is non-frivolous and brought in good faith.
> (9) Whether the information sought is available through other discovery or from other sources.
> (10) The importance of the information sought to the plaintiff's case.

---

[1] *Kelly* reasons that "the public interests in the categories favoring disclosure (the policies underlying our civil rights laws, public confidence in the court system, and doing justice in individual cases) clearly outweigh the public interests in favor of secrecy (e.g., not compromising procedures for self-discipline within police forces or the privacy rights of officers or citizen complainants);" "there has been substantial exaggeration of the size of the harm that limited disclosure might do to concededly legitimate law enforcement interests;" and "in the relatively rare case where there is a very real threat to obviously important law enforcement interests (as there could be, for example, if a plaintiff were seeking the names of confidential informants in on-going criminal investigations, or wanted to learn operational plans for imminent police activities), the moderate pre-weighting in favor of disclosure will not disable courts from protecting those law enforcement interests." *Kelly,* 114 F.R.D. at 661-62.

*Id.* at 663; *Soto*, 162 F.R.D. at 614 n.4.

The CDCR has met the threshold requirement. The CDCR's motion was accompanied by a declaration of the Custodian of Record (Personnel Supervisor) for the Richard J. Donovan Correctional Facility. The declaration states that the material in issue has been collected and maintained as confidential by the facility; and that the declarant had personally reviewed the material. (Decl. of Norma Salazar in Sup. of CDCR's Mot. to Quash ("Salazar Decl."), ¶¶2-3). The declaration also explained that the disclosure of the files would negatively impact governmental and private interests, including the impact on the departmental disciplinary procedures; the chilling effect on the willingness of departmental officers and employees to provide personal information about themselves, their families, job performance of themselves and others, the activities of themselves and others, officers' health, safety and security concerns regarding themselves and their families; and the negative effect on internal investigations and assessments of officers and employees and resulting corrective or remedial actions. (*Id.,* ¶¶ 5-10).

Having considered the effects of disclosure and non-disclosure, the Court finds that only certain portions of the personnel files should be produced. The Court recognizes the weight of the concerns listed in the Custodian of Records' declaration. However, nothing indicates that the present action is frivolous or brought in bad faith. Plaintiff properly alleged legal and factual support for her claims. Certain information in the personnel files, such as information regarding previous similar incidents involving the same correctional officers, is relevant and important to Plaintiff's case. The CDCR has identified no other sources from which this information may be obtained.

The scope of Plaintiff's subpoenas, however, must be limited. Plaintiff requested the entire personnel files. Production of the entire files would result in improper disclosure of official documents and impose an unnecessary burden on the CDCR. The CDCR shall produce those portions of the files that contain information regarding prior complaints of excessive force used by the officers involved in the December 30, 2004 incident, made during the five years preceding the incident. Further, all personal information, except for the names of the officers, may be redacted from the files.

**B.    Federal Freedom of Information Act ("FOIA").**

The FOIA is not applicable to the present action. First, the Act only applies to federal entities. 5

U.S.C. § 551(1).  Second, the Act's exceptions to disclosure "were not intended to create evidentiary privileges for civil discovery."  *Kerr v. U.S. Dist. Court for Northern Dist. of California*, 511 F.2d 192, 1998 (9th Cir. 1975) (citations omitted).  Plaintiff's son was a state prisoner.  The CDCR is a state agency.  The cases applying the FOIA, cited by the CDCR, all involved federal defendants.  The FOIA does not protect the documents at issue.

### C. California State Law Protection.

California law offers nothing to change the outcome under the official information privilege analysis.  As a preliminary matter, California privilege law is not binding on this Court.

> The scope of an evidentiary privilege in a 42 U.S.C. § 1983 civil rights action is a question of federal law.  State law may provide a useful referent, but it is not controlling.  The contention that the doctrine of governmental privilege precludes disclosure of personnel records, whether or not established in California state courts, is not the law of this circuit.

*Green*, 226 F.R.D. at 643-44 (citation omitted).

The CDCR cites California Evidence Code and California Civil Code.  The CDCR, however, recognizes that the "spirit" of these provisions is captured in the federal official information privilege.

The CDCR also cites the right to privacy guaranteed by the California Constitution.  The right to privacy, however, would not automatically preclude disclosure.  "The need for balancing privacy rights against other statutory rights is well recognized."  *Chantiles v. Lake Forest II Master Homeowners Assn.*, 37 Cal.App.4th 914, 925-26 (1995).

The state authority is therefore consistent with a ruling in favor of partial production.

### IV.  CONCLUSION

The CDCR shall produce those portions of Defendants' requested personnel files that contain information regarding prior complaints of excessive force used by the officers involved in the December 30, 2004 incident, made during the five years preceding the incident.  All personal information, except for the names of the officers, may be redacted from the files.

**IT IS SO ORDERED.**

**DATED: March 26, 2007**

_____
**CATHY ANN BENCIVENGO
United States Magistrate Judge**