UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETCHAN R. YOUNG, individually and as Successor in Interest to the ESTATE OF JOHNNY FITZGERALD YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Civil No.   05cv2375 JLS (CAB)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE REGARDING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

On October 1, 2007, this Court held a telephonic conference on Defendants' motion to compel production of documents. Thomas Luneau, Esq., appeared for Plaintiff. Susan Coleman, Esq., and Marguerite Lieu, Esq., appeared for Defendants. Having considered the submissions of the parties and the arguments of counsel, Defendants' motion is Granted.

Defendants propounded discovery on Plaintiff on May 4, 2007, including requests for the production of any documents received by Plaintiff from any inmate, parolee, or former inmate in response to a questionnaire sent by Plaintiff's counsel about the incident at issue in the lawsuit. Plaintiff served untimely responses and objected to the request based on work production protection.

In February 2007, Plaintiff's counsel sent a questionnaire to certain inmates believed to have witnessed the yard incident that allegedly led to the death of Johnny Young. The questionnaire asked the witness inmates to provide their personal observations and recollections of the event. Defendants' counsel became aware of the questionnaire and propounded the discovery request for any responses.

1       Questionnaires completed by third persons are not work product. *See U.S. v. Real Estate Bd. of Met. St. Louis*, 59 F.R.D. 637, 640 (E.D. Mo. 1973); *Powell v. U.S. Dept. of Justice*, 584 F.Supp. 1508, 1520 (N.D. Cal.1984) (assuming work-product privilege applied to document, only verbatim witness statements had to be released).  The documents at issue are the verbatim statements of witnesses.  They are the factual observations of percipient witnesses, not the thoughts or impressions of counsel.  This distinguishes the present discovery from the discovery sought in *O'Conner v. Boeing North American Inc.*, 216 F.R.D. 640 (C.D. Cal. 2003), in which defense counsel sought the witness interview notes of plaintiff's counsel's investigator.

      Plaintiff is ordered to produce the questionnaires to the Court for an *in camera* review **no later than October 5, 2007**.  In order to address Plaintiff's concerns regarding the safety and privacy of the inmate witnesses, the Court will review the documents to consider the need, if any, for redactions prior to the production to Defendants' counsel.  After the Court's review, production of any unredacted portions of the statements will be made under the protective order as "confidential, attorneys' eyes only."

**IT IS SO ORDERED**.

DATED:  October 1, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge